UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20675-CR-SEITZ

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

MARIO DAVIS,                        **REPORT AND RECOMMENDATION**

      Defendant.

_____/

On or about 6/5/07, court-appointed defense counsel Glenn B. Kritzer timely submitted a voucher (No. FLS 06 1689) with appended time sheets requesting $12,309.33 for attorney's fees pursuant to the Criminal Justice Act ("fee request"). Mr. Kritzer ("counsel") represented Defendant Mario Davis ("Defendant" and/or "Davis") for approximately 7 & 1/2 months, from his appointment on 10/6/06 to 5/24/07, through Defendant's entry of a guilty plea and sentencing. Since counsel's fees exceed the $7,000 statutory maximum, *18 U.S.C. §3006A(d)(2) (2000 & Supp. 2005)*, the voucher was referred to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. *28 U.S.C. Sec. 636(a); Local Magistrate Judge Rules.*

The CJA at *18 U.S.C. §3006A(d)(1)* provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. *18 U.S.C. §3006A(d)(5); USA v. Griggs, 240 F.3d 974 (11th Cir. 2001).* If the recommended fee amount exceeds the statutory maximum, however, the district court must certify that the case involves "extended" or "complex" representation, and that the amount is necessary to provide counsel with fair

compensation. *18 U.S.C. §3006A(d)(3)*. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex." *Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C §2.22B(3)*. If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may be considered "extended." *Id*.

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with CJA guidelines and mathematical accuracy prior to the undersigned's review. The administrator reviewed the $536 billed for 5.8 in-court hours @ $92/hour and $94/hour[1]. After verifying the in-court time with the Court's minutes, the administrator made no changes to the in-court time billed.

The CJA administrator reviewed the $11,399.60 billed for 123.8 out-of-court hours as follows: 38.2 hours for "Interviews and conferences"; 46.4 hours for "Obtaining and reviewing records"; 3.4 hours for "Legal research and brief writing"; 29 hours for "Travel time"; and 6.8 hours for "Investigative and Other work." The administrator adjusted the out-of-court compensation claimed downward to $11,289.20, after redacting 1.2 hours of travel time listed for travel to and from court when no in-court time was listed (2/9/07). As a result, "Travel time" was modified to 27.30 hours.

Counsel claimed $266.43 for "Travel Expenses" (parking fees, mileage). The administrator reduced this amount to $256.66, reducing parking fees by $15 for dates in which no work was presumably reported on the time sheets (2/9/07, 5/23/07). The mileage was also recalculated and reduced to reflect the same.

---

[1] The hourly CJA fee for work performed on or after 5/20/07.

Upon the undersigned's review of the record, however, it was noted that counsel attended the Sentencing hearing on 5/23/07. He also met with his client at the FDC on 5/22/07, substantiating the parking fees for both these dates, as well as mileage. Therefore, a total of $13.01 should be added back to travel costs for $5.25 in parking fees incurred on 5/23/07 and $7.76 for mileage, for a corrected total of $269.67 in allowed travel costs.

Counsel also claimed $107.30 for "Other Expenses" (photocopies, postage). The administrator made no changes to this amount.

The grand total claimed, as adjusted, should be **$12,202.17.**

### *Undersigned's Review and Recommendation*

In making this recommendation, the undersigned reviewed the entire voucher, the time sheets submitted, and case record as it relates to counsel's representation of Defendant Davis. This Court also considered counsel's letter dated 9/24/07 submitted in support of his fee request, as requested.

As a matter of background, on October 5, 2006, Defendant was arrested along with three co-defendants, and ultimately indicted for conspiracy to possess, and attempted possession, of 5 or more kilograms of cocaine; conspiracy, and attempt, to commit Hobbs Act robbery; conspiracy to possess, and possession of, firearms in furtherance of a crime of violence or drug trafficking offense. Based upon these charges, Defendant was facing significant jail time if convicted. The case arose from a sting operation conducted by HIDTA which employed an ATF undercover agent posing as a drug dealer from a Colombian drug organization. The agent reportedly pretended to be a disgruntled employee looking to recruit some individuals to help him rip off his drug dealer employer in a home invasion robbery scheme. ATF reportedly used a confidential informant to help seek out individuals from the community interested in doing the robbery. Beginning in late August through October 2006, the ATF agent and confidential informant held in excess of 30 meetings with Defendant and his co-

defendants, most of which were audio and/or video taped. During the meetings the defendants discussed committing the home invasion robbery while the agent pretended to be an unknown victim. After the defendants would be directed to the stash house, they all agreed to duct tape the parties found in the home and rob in excess of 10 or more kilograms of cocaine using firearms.

On 10/5/06, Davis and his co-defendants drove in two vehicles to a mall and met with the ATF agent and informant. They then drove to a warehouse to pick up a van to use in the home invasion robbery. It was at the warehouse that police arrested the defendants, including Davis. Davis reportedly made a post-arrest statement admitting to being present in order to commit a robbery.

Defendant appeared before the Court for his initial appearance on 10/06/06, at which counsel Glenn Kritzer, a Miami practitioner, was appointed as his permanent counsel of record. The Court subsequently found Davis to be a danger to the community and ordered him to be pretrial detained.

Ultimately, on 1/17/07, pursuant to a plea agreement, Defendant pled guilty to counts 1 & 6 of the Indictment, with the remaining counts to be dismissed. Sentencing was held on 5/23/07, in which Defendant was sentenced to 53 months imprisonment. On or about 6/5/07, counsel timely submitted his fee request.

As for the voucher and the adjusted $11,289.20 claimed for out-of-court fees[2], I have reviewed the entries listed on the time sheets and the total time claimed for each of the task categories. As for the 46.4 hours claimed for "Obtaining and reviewing records," as the record reveals, this was an extensive and time-consuming case based on the number of defendants involved and the substantial number of audio and video taped recordings and transcripts and other evidence produced [D.E.'s 26, 54, & 57, Government's Responses to Standing Discovery Order]. To effectively represent his client, counsel explained that he had to spend some 20 hours reviewing approximately 25 or more CD's,

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

DVD's, audio and video recordings, as well as 200+ pages of transcripts of the recordings, which took him another 5 hours to review. In addition, the Government produced another 300 pages of documents, which counsel also reviewed.

As for the 38.2 hours reported for "Interviews and Conferences," counsel further explained that he made approximately 17 visits to the FDC to discuss the case with his client and to review with him the audio and video tapes, as well as, the "hundreds of pages" of transcripts. The Defendant insisted on having counsel explain in detail and to be involved in all aspects of the case. There were also numerous meetings with the client subsequent to the plea hearing and prior to sentencing, in order to work with the Defendant who insisted on being involved with the details of the impending sentencing hearing, including his cooperation and counsel's portrayal of the same. This reportedly resulted in the Government's motion for a downward departure in sentencing by 50% of the guidelines' sentence, which motion was ultimately granted. There were also numerous meetings and conferences with the Government's counsel. One such conference lasted more than 3 hours (1/12/07), during which Defendant was briefed by the prosecutor and federal agents.

In sum, in light of the case background, the number of defendants and charges involved, the substantial amount of discovery produced and the time required to bring this case to a resolution, I am satisfied that counsel documented the actual time he spent on the case. I find the time billed to be justifiable, reasonable and fair. Based upon the same, I also consider this matter to be "extended," justifying compensation in excess of the $7,000 statutory maximum.

## CONCLUSION

Based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher, I am **RECOMMENDING** that counsel be expeditiously paid the **$12,202.17** adjusted claim ($536 in-court time + $11,289.20 out-of-court time + $376.97 in costs),

as fair compensation for his work on this case.

   In accordance with 28 U.S.C. §636(b)(1)(c), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

               Respectfully submitted this ___ day of October, 2007.

                       PETER R. PALERMO
                       SR. UNITED STATES MAGISTRATE JUDGE

cc:  *District Judge Patricia A. Seitz*
   *Glenn B. Kritzer, Esq.*
   *Lucy Lara, CJA administrator*